# MSF
## Meister Seelig & Fein PLLC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/14/2023__

*Henry E. Mazurek*
*Partner*
Direct (212) 655-3594
Fax (212) 655-3535
hem@msf-law.com

**VIA ECF**

March 14, 2023

Hon. Nelson S. Roman
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**MEMO ENDORSED**

Re: *United States v. Aron Rosner*, 19-CR-497- NSR-03

Dear Judge Roman:

    We write on behalf of defendant Aron Rosner, with consent by the government, to respectfully request modifications of his terms of supervised release. The two modifications requested include: (1) to remove the fourth Special Condition on page 5 of the Judgment, which prohibits contact with the victim in this case (Judgment, ECF Doc. 792); and (2) to modify the defedant's religious-related movements during his period of home confinement, as expressed in the first Special Condition on page 5 of the Judgment. Specifically, this motion seeks to remove the language, "one day per week," in the first Special Condition, and give discretion to Mr. Rosner's supervising Probation Officer to authorize his religious-based movements during home detention. (*Id.*) Again, the government has no objection to either of these requests.

### Special Condition No. 4: No Contact with the Victims

    As the Court is aware, this is an unusual case as the victim and Mr. Rosner share a familial bond. Mr. Rosner's nephew, Jacob Rosner, also a co-defendant in the case, is now legally married to the victim, who is no longer a minor. Family functions in the Rosner family are commonplace and unavoidable, and the current fourth special condition of supervised release would prevent Mr. Rosner from attending his own family functions or require him to leave the home during such events. Therefore, we respectfully request the Court to remove this special condition of release. We have conferred with counsel for the government (AUSA Jamie Bagliebter), who has no opposition to this request.

### Special Condition No. 1: Movement for Religious Reasons During Home Detention Condition

    The first special condition of supervision limits Mr. Rosner's movement for "religious services [to] one day per week." We respectfully ask the Court to modify this restriction as follows: "except for … religious reasons as approved by the Probation Officer. With the

Hon. Nelson S. Roman
March 14, 2023
Page 2 of 2

upcoming religious holidays approaching, such as Passover, Shavuot, and Purim, Mr. Rosner's faith obligates him to attend religious services on multiple days per week. We respectfully request that rather than limit Mr. Rosner to a single day per week to leave the home for religious reasons, the Court give discretion to his supervising Probation Officer to verify and approve the religious justifications for Mr. Rosner's movement during home detention.

We also request permission for Mr. Rosner to continue his religious-based community service during the upcoming religious holiday season from March 7 – April 13, 2023. As the Court recalls, Mr. Rosner was actively involved in maintaining a program to collect *challah* dough from the Jewish community in Brooklyn. Burning *challah* is a religious *mitzvah*, or good deed in the Jewish faith, and many adhere to this ritual. However, it is difficult to burn *challah* in a crowded metropolitan area, like Brooklyn. Mr. Rosner helped create a safe system for this service by gathering all the City's *challah* and delivering it to an incinerator in upstate New York, which he leases from financing from the community. (*See* Def. Sentencing Memorandum at 15.) During the holiday season, the need to burn *challah* increases, and the people who have taken on Mr. Rosner's service while he is on home confinement are overwhelmed. He would like to help them by collecting *challah* from Brooklyn for approximately 12 hours per week during the holiday season from March 7 through April 13, 2023. All travel related to this exercise and the specific locations and times of travel will be previously disclosed to the Probation Office, and require his supervising officer's prior approval.

Again, we have conferred with the Government (A.U.S.A. Adelsberg) and Mr. Rosner's Probation Officer (P.O. Lehr), who consent to these religious-based modifications to his special conditions of Supervised Release.

Respectfully submitted,

/S/HEM
Henry E. Mazurek
Priya K. Pasricha
*Counsel for Defendant Aron Rosner*

cc:   Counsel of record (*via ECF* and *email*)

The Court GRANTS Defendant Aron Rosner's consented-to request to remove the fourth Special Condition on page 5 of the Judgment, which prohibits contact with the victim in this case. The Court DENIES Defendant Aron Rosner's request to modify the defendant's religious-related movements during his period of home confinement, as expressed in the first Special Condition on page 5 of the Judgment. The Court reminds Defendant that home detention, as imposed, was in lieu of a period of incarceration. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 834.

Dated: March 14, 2023
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE